RECEIVED
USDC, WESTERN DISTRICT OF LA UNITED STATES DISTRICT COURT
TONY R. MOORE, CLERK

DATE __1__ / 12 / 11 ___ WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

UNITED STATES OF AMERICA

CRIM. NO 09-00112

**VERSUS**

JUDGE ROBERT G. JAMES

J. JEFFREY PRUETT,
LOUISIANA LAND & WATER COMPANY,    MAG. JUDGE KAREN L. HAYES
LWC MANAGEMENT COMPANY, INC.

### RULING

Pending before the Court is a "Motion in Limine to Determine Admissibility of

Uncharged Conduct Evidence" ("Motion in Limine") [Doc. No. 55] filed by Defendants J.

Jeffrey Pruett ("Pruett"), Louisiana Land & Water Company ("LLWC"), and LWC Management

Company, Inc. ("LWC").

On April 30, 2010, the Government filed a notice pursuant to Fed. R. Evid. 404(b) [Doc.

No. 41], notifying Defendants that it intends to introduce evidence of Defendants' actions with

regard to wastewater systems/facilities which are not included in the Indictment.

On December 23, 2010, as part of their pre-trial submissions, Defendants filed the

pending Motion in Limine, moving the Court to exclude the uncharged conduct identified in the

Government's 404(b) Notice.

On January 3, 2011, Defendants filed a reply in support of their Motion in Limine [Doc.

No. 63].

On January 4, 2011, the Government filed both a trial brief [Doc. No. 65] and Notice of

Supplemental Authority in Support of 404(b). [Doc. No. 66].

On January 5, 2011, Defendants filed a second reply [Doc. No. 67] in support of their Motion in Limine.

For the following reasons, Defendants' Motion in Limine is DENIED IN PART, and the Court reserves ruling on the remainder of the motion pending presentation of the Government's case.

## ALLEGED FACTS AND STATUTORY BACKGROUND

Pruett is the President and Chief Executive Officer of LLWC and principal officer of LWC, Louisiana corporations which operated over thirty public water supply and wastewater facilities in the Western District of Louisiana. Defendants' wastewater facilities provided residential wastewater services for a monthly fee to the Bayou Galion Subdivision in Morehouse Parish and Charmingdale Estates, Daywood and Donovan Woods, Fleetwood Park, Love Estates, and Pine Bayou Subdivisions in Ouachita Parish, among others.

Wastewater treatment facilities are subject to federal regulation under the Federal Water Pollution Control Act or Clean Water Act ("CWA"), 33 U.S.C. §§ 1251, *et seq.* The CWA prohibits discharge of pollutants into the waters of the United States, except in accordance with a permit. 33 U.S.C. §§ 1311(a) and 1319(c)(2)(A) .

The CWA also creates a joint federal and state permitting program for those who discharge pollutants into the waters of the United States. Under the CWA, the United States Environmental Protection Agency ("EPA") may either issue permits itself or grant authority to state environmental agencies to issue permits required by federal law before someone may discharge pollutants into waters of the United States. The EPA has granted authority to the State of Louisiana, through the Louisiana Department of Environmental Quality ("LDEQ"), to issue

2

National Pollution Discharge Elimination Systems ("NPDES") permits. Pursuant to this authority, the State of Louisiana may issue Louisiana Pollution Discharge Elimination Systems ("LPDES") permits to operators of wastewater facilities located within its borders.

The State issued Defendants LPDES permits, which have a number of provisions relevant to the charges in the Indictment. The permits required that discharges be limited and monitored, including daily and monthly measurements of discharges, as well as various discharge sampling requirements. Defendants had to report the monitoring results periodically to the LDEQ on certified and signed documents called Discharge Monitoring Reports ("DMRs"). Defendants were authorized to discharge only those pollutants that were identified in their permits and only from point sources that were identified and described in their permits. The permits also had discharge limits for various pollutants.

Under the permits, Defendants also had the duty to ensure proper operation and maintenance and to provide an adequate operating staff qualified to carry out operation, maintenance, and other functions necessary to ensure compliance with the conditions of the Permits.

Finally, LDEQ and EPA officials and representatives had the authority to inspect Defendants' facilities and records.

In the 14-count Indictment, Defendants are accused of knowingly violating a permit condition by failing to provide monitoring records required by State and Federal law (Counts 1, 4, 6, 9, 10, and 13); knowingly violating a permit condition by failing to provide proper operation and maintenance to their facilities (Counts 3 and 12); knowingly discharging pollutants in excess of effluent limitations (Counts 2, 5, 7, 11, and 14); and knowingly violating a condition of the

3

permit for Fleetwood Park Subdivision by discharging raw sewage (Count 8). Thus, at trial, the Government must prove with regard to each count of the Indictment that Defendants committed knowing violations of the CWA.

The Government intends to present testimony from LDEQ and EPA officials and representatives of their observations during periodic onsite inspections of Defendants' wastewater facilities and will introduce into evidence the employees' reports of onsite visits. Defendants do not contest the admissibility of the evidence and testimony regarding the allegations in the Indictment.[1]

However, in its 404(b) Notice, the Government explained that it also intends to introduce testimony and evidence of uncharged conduct. First, the Government intends to offer evidence that Defendants committed other uncharged violations of the CWA with regard to their wastewater services for the subdivisions named in the Indictment. Second, the Government intends to offer evidence that Defendants committed violations of the CWA with regard to their wastewater services for subdivisions not named in the Indictment. Third, the Government originally intended to offer evidence that Defendant committed violations of the Safe Drinking Water Act of 1974 ("SDWA"), as amended, 42 U.S.C. § 300f, *et seq.*, with regard to its water supply facilities.

Defendants move the Court to exclude evidence of all the uncharged conduct. The Government opposes Defendants' Motion in Limine.

## LAW AND ANALYSIS

[1]Although it is the Court's understanding that Defendants do not generally contest the admissibility of this testimony and evidence, the Court does not bar Defendants from objecting to specific testimony or evidence on appropriate grounds under the Federal Rules of Evidence.

4

In any case when the Court is faced with uncharged conduct, it first considers whether the

evidence at issue is intrinsic and, therefore, admissible, or extrinsic and subject to the

requirements of Rule 404(b). The Fifth Circuit has expressly held that "'evidence of an

uncharged offense arising out of the same transactions as the offenses charged in the indictment

is not extrinsic evidence within the meaning of Rule 404(b), and is therefore not barred.'"

*United States v. Asibor*, 109 F.3d 1023, 1034 (5th Cir. 1997) (quoting *United States v.

Ridlehuber*, 947 F.2d 1191, 199 (5th Cir. 1991) (other citations omitted)). Similarly, evidence of

another act is intrinsic if it and "evidence of the crime charged are 'inextricably intertwined' or

both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to

the crime charged." *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) (quoting *United

States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)). "This evidence is admissible to complete

the story of the crime by proving the immediate context of events in time and place." *Id.* (citing

*United States v. Kloock*, 652 F.2d 492, 494-95 (5th Cir. 1981)).

If evidence is not intrinsic, then Rule 404(b) provides that evidence of other crimes or

acts is not admissible to prove the character of a person, but may be admissible to prove, among

other things, knowledge or the absence of mistake. FED. R. EVID. 404(b). The danger involved

in admitting such evidence is that the jury will convict the defendant, not for the offense charged,

but based on the extrinsic evidence. *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir.

1978). Therefore, extraneous-acts evidence is only admissible if (1) the evidence is relevant to

an issue other than the defendant's character, and (2) "the evidence must possess probative value

that is not substantially outweighed by its undue prejudice and must meet the other requirements

of rule 403." *Id.* at 911 (citing FED. R. EVID. 403); *see also* FED. R. EVID. 403 ("Although

relevant, evidence may be excluded if its probative value is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

undue delay, waste of time, or needless presentation of cumulative evidence.").

### A.  Uncharged CWA Violations for the Wastewater Facilities Named in the Indictment

The Government intends to introduce evidence of sixteen CWA violations for wastewater

facilities named in the Indictment between April 2005 and November 2009.  The Government

intends to introduce the following evidence:

| | | | |
|---|---|---|---|
| • | Daywood and Donovan Woods | April 2005-September 2009 | 15 DMRs with exceedances |
| • | Fleetwood Park | November 6, 2007 | Indicted violations; Vegetative growth present along levee wall and failure to have adequate staff and who are duly qualified to maintain site. |
| • | Love Estates | October 28, 2009 | Holes/cracks in manhole allowed for release of sewage into roadside ditch and inoperable lift station pump; unauthorized discharge of untreated sewage from manhole. |
| • | Love Estates | November 9, 2009 | Holes/cracks in manhole allowed for release of sewage into roadside ditch and inoperable lift station pump; unauthorized discharge of untreated sewage from manhole; failure to make timely repairs. |

| | | | |
|---|---|---|---|
| • | Love Estates | December 18, 2008 | Operation of rail tank car as aeration tank, i.e., uncertified treatment process. |
| • | Love Estates | August 7, 2008 | Indicted violations; DMR exceedances for 2003, 2005, 2006, 2008; operation of rail tank car as aeration tank, i.e., uncertified treatment process. |
| • | Love Estates | April 2005-September 2009 | Thirty (30) DMRs with exceedances. |
| • | Pine Bayou | November 7, 2007 | Indicted violations; failure to waste sludge resulting in discharge of solids to receiving stream; unauthorized discharge of solids into receiving stream; failure to have adequate staff and who are duly qualified to maintain site. |
| • | Pine Bayou | November 2006-September 2008 | Nine (9) DMRs with exceedances. |

The Court finds that the November 6, 2007 unindicted violations at Fleetwood Park, the August 7, 2008 unindicted violations at Love Estates, and the November 7, 2007 violations at Pine Bayou are clearly intrinsic and not governed by Rule 404(b). Thus, evidence regarding these alleged violations is admissible.

With regard to the remaining violations, the Court finds that, while not part of the same transactions, these violations are also intrinsic. The evidence regarding the subdivisions named in the Indictment provide the context and the history of the dealings among Defendants and the

7

EPA and LDEQ, most of which occurred during the time period of the violations set forth in the Indictment. As intrinsic, the Court need not consider whether this evidence survives a review under Rule 404(b).

However, there are some violations which are alleged to have occurred after the violations set forth in the Indictment. To the extent that these and/or the other violations of the named subdivisions are not intrinsic, the Court finds that they are admissible under Rule 404(b). First, the Court finds that evidence relating to other violations by Defendants in their operation of wastewater systems at the named subdivisions is not merely character evidence, but is relevant to Defendants' intent, knowledge, and the absence of mistake or accident. Second, while the evidence is indeed prejudicial to Defendants, the Court finds that the relevance is not substantially outweighed by the danger of undue prejudice or other Rule 403 concerns. Accordingly, Defendants' Motion in Limine regarding the uncharged CWA violations by the wastewater facilities named in the Indictment is DENIED.[2]

## B.    Uncharged CWA Violations by Facilities Not Named in the Indictment

The Government also seeks to introduce evidence of Defendants' uncharged alleged CWA violations arising from wastewater services provided between 2005 and 2008 at subdivisions and districts not named in the Indictment. While the Government initially intended to introduce 172 instances of uncharged conduct at these subdivisions and districts, the Government has reduced the evidence to approximately 41 instances. The Government contends

---

[2]Although the Government dismissed Counts 1 and 7 of the Indictment, it has reserved the right to introduce evidence on these counts under Rule 404(b). For the reasons stated, the Court finds that such evidence would also be admissible.

that this evidence is admissible to show that residents and inspectors notified Defendants of problems related to "improper discharges[;] effluent violations[;] leakage of raw sewage out of manholes[;] raw sewage in ditches, yards, and residences[;] and improper maintenance and operation of wastewater facilities, but yet the Defendants failed to take prompt and appropriate remedial measures." [Doc. No. 65, pp. 14-15]. The Government further contends that "there are instances of the Defendants' failure to provide officials access to required records that are not alleged in the indictment." [Doc. No. 65, p. 15].

In support, the Government relies on *United States v. Cooper*, 482 F.3d 658 (4th Cir. 2007). Defendant D.J. Cooper ("Cooper") had operated a sewage lagoon at his trailer park in Bedford County, Virginia, since 1967. He was tried and convicted by a jury on nine counts of knowingly discharging a pollutant from a point source into waters of the United States, in violation of the CWA. On appeal to the United States Court of Appeal for the Fourth Circuit, he argued that the district court improperly admitted evidence under Rule 404(b) of his dealings with Virginia Department of Environmental Quality from 1998 until the start of the charging period in 2003. The district court allowed the evidence, finding that it was relevant to the charged offenses and that it was admissible under Rule 404(b) as evidence of intent and the absence of mistake or accident.

On appeal, the Fourth Circuit found that "the extended history of Cooper's dealings with DEQ is inextricably intertwined with the CWA violations alleged at trial" and thus intrinsic. *Id.* at 663. Even if the evidence were extrinsic, the Fourth Circuit found that it was admissible because it "furnishe[d] proof of the defendant's knowledge and the 'absence of mistake or

9

accident.'" *Id.* (citing FED. R. EVID. 404(b). The Fourth Circuit found this evidence to be "both relevant to and necessary for establishing Cooper's mens rea" because the Government "had to prove that the defendant knowingly discharged a substance that is regulated as a pollutant from the lagoon pipe into the creek." *Id.* The evidence showed that from 1998 to 2003, multiple DEQ violation notices informed Cooper that pollutant levels in the discharge were excessive, that he was in violation of his permit, and, later, that he did not have a permit. *Id.* Finally, the Fourth Circuit found that the relevance of the evidence was not substantially outweighed by undue prejudice to Cooper. *Id.* at 663-64.

In response, Defendants point out that Cooper only owned one facility and the evidence in question showed that he had engaged in the "same conduct alleged in the indictment for an extensive period of time." [Doc. No. 67, p. 1]. In contrast, in this case, the Government must present evidence of alleged permit violations by Defendants at five wastewater facilities and will be able to argue absence of mistake or accident on the basis of the evidence related to the charged conduct alone. Defendants point out that the Government in *Cooper* did not offer evidence relating to an unnamed facility. Certainly, Defendants argue, that *Cooper* does not support the introduction of "substantially more evidence of alleged permit violations at facilities that are not named in the indictment (172) than alleged permit violations for the named facilities (39 alleged violations, 25 of which are uncharged)." [Doc. No. 67, p. 2].

However, at a conference with counsel on the first day of trial, the Government pointed out that it cited *Cooper* in part for the proposition that the sheer number of other crimes allegations, even if the other crimes outnumber the charged allegations, will not prevent the

10

admission of other crimes evidence under Rule 404(b). Further, the Government argued that it has substantially reduced the Rule 404(b) evidence it intends to offer from 172 instances to approximately 41 and that the remaining evidence of uncharged violations at the subdivisions and district not named in the Indictment is necessary to show Defendants' knowing violations at the named subdivisions. In support, the Government provided the Court with five charts which identified the issues the Government seeks to address with the Rule 404(b) evidence, the count of the Indictment to which it pertains, the name(s) of the subdivision(s) involved, the date(s) of the violation(s), a description of the violation(s), and the name of the inspector. *See* Charts attached to this Ruling.

The Court finds that evidence relating to Defendants' alleged CWA violations at their other wastewater facilities is relevant to their intent, their knowledge, and their lack of mistake or accident. However, the Court has concerns that the relevance may be substantially outweighed by the other considerations addressed by Rule 403. The presentation of evidence of the uncharged allegations is certainly prejudicial to Defendants, but that prejudice may not be undue, as long as the evidence is not unnecessarily cumulative and does not confuse the issues before the jury, resulting in a series of mini-trials and lengthening the trial.

After having fully reviewed the charts provided by the Government and considered the arguments of counsel, the Court finds that it is possible that its Rule 403 concerns can be at least mitigated and possibly eliminated. However, the Court cannot reach a final determination until it hears at least part of the Government's case. Therefore, after consultation with counsel, the Court RESERVES ruling on this portion of Defendants' Motion in Limine until the Government

11

begins presentation of its case.  If, at any time, the Government or Defendants determine that testimony will bring in this type of Rule 404(b) evidence, counsel should request a sidebar.  Once the Court has heard sufficient testimony and evidence where it may render a final ruling, it will notify counsel outside the presence of the jury.

        **C.**      **Uncharged SDWA Violations at Defendants' Water Supply Facilities**

Although the Government originally intended to offer evidence of Defendants' uncharged alleged SDWA violations at their water supply facilities, it has now stated that it will not introduce this evidence. [Doc. No. 65, p. 14].  Accordingly, Defendants' Motion in Limine with regard to the SDWA violations is DENIED AS MOOT.

**III.**    **CONCLUSION**

For the foregoing reasons, Defendants' Motion in Limine [Doc. No. 55] is DENIED IN PART.  The Motion is DENIED as to uncharged alleged violations of the Clean Water Act by Defendants' wastewater facilities named in the Indictment.  The Motion is DENIED AS MOOT as to uncharged alleged violations of the SDWA by Defendants' water treatment facilities.  The Court reserves ruling on that portion of Defendants' Motion in Limine on uncharged CWA violations by facilities not named in the Indictment.

MONROE, LOUISIANA, this ____12____ day of ____January____, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

# Government's 404(b) Evidence as of January 11 , 2011

## MANHOLE ISSUES

### Indicted Charge: Count 8 Fleetwood Park November 6, 2007

| Subdivision | Date of Violation | Description | Inspector |
|---|---|---|---|
| Donovan Woods & Daywood | 5/05-3/06 | Discharge of untreated sewage from Manhole | Posey/Smith |
| Hillside | 08/24/05 | discharge from manhole at lift station | Posey |
| Hillside | 08/08/08 | unauthorized discharge from manhole at lift station | Briggs |

## TERTIARY TREATMENT ISSUES

Indicted Charge(s): Count 3 Charmingdale November 7, 2007
Count 12 Pine Bayou November 9, 2007

| Subdivision | Date of Violation | Description | Inspector |
|---|---|---|---|
| Cooper Lake / Lakeview | 08/06/08 | 5-gallon bucket as Chlorine contact chamber contact time estimated <1 minute | Briggs |
| Hillside | 08/05/08 | Chlorine contact chamber full of floating sewage; | Briggs |
| Hunter Heights | 02/13/06 | No Chlorination at outfall | Posey |
| Millhaven | 06/13/05 | No Chlorination was provided | Posey |
| Slocum Road | 11/07/07 | 5-gallon bucket used in chlorination | Long |
| Spruce Meadow | 08/05/08 | Biological solids in Chlorine contact chamber | Briggs |
| Valley Hill | 08/05/08 | Chlorine chamber filled with solids | Briggs |
| Woodland Acres #2 | 06/14/05 | No Chlorination is utilized | Posey |

## SLUDGE IN RECEIVING WATERS  ISSUES

Indicted Charge(s):Count 12 Pine Bayou November 9, 2007

| Subdivision | Date of Violation | Description | Inspector |
|---|---|---|---|
| Branch Crossing | 08/05/08 | Sewage debris in receiving stream - solids in effluent | Briggs |
| Lakeside Liner | 08/06/08 | sludge in receiving stream | Briggs |
| Valley Hill | 08/05/08 | overflow of untreated sewage from treatment system | Briggs |
| West Pines | 08/07/08 | long term discharge of solids to receiving stream | Briggs |

## NO MONITORING RECORDS ISSUES

Indicted Charge(s): Count One Bayou Galion December 12, 2007
Count 4 Charmingdale November 7, 2007
Count 6 Donovan Woods & Daywood November 12, 2007
Count 9 Fleetwood November 6, 2007
Count 10 Love Estates August 7, 2008.
Count 13 Pine Bayou November 7, 2007

*In lieu of asking questions about each one of these individual facilities, the government propose that it be permitted to ask the following questions*

*(1) Have you inspected other facilities of the defendant?*
*(2) If so, did he provide all of the records requested?*
*(3) How many inspections did he fail to provide all of the requested records?*

| Subdivision | Date of Violation | Description | Inspector |
|---|---|---|---|
| Collinston Sewer | 12/11/07 | LWC failed to provide records | Williams |
| Cooper Lake | 08/06/08 | "more important to service customers..." | Briggs/Douglas |
| Cottonwood/Mt. Carmel | 08/07/08 | "more important to service customers..." | Briggs/Douglas |
| Cottonland / Everloving | 12/11/07 | no records | Aubuchon |
| Hillside | 09/28/06 | failed to provide records even after calling and asking to bring | Posey |
| Lakeside Liner | 08/06/08 | no operational logs | Briggs/Douglas |
| Linden Mt. Carmel | 08/06/08 | no operational logs | Briggs/Douglas |
| Linden Mt. Carmel | 12/06/05 | no operational logs | Carter |
| Maplewood Mt. Carmel | 08/06/08 | no operational logs | Briggs/Douglas |
| Millhaven | 06/20/07 | no logs LEAN lawsuit | Posey |
| Millhaven | 11/06/07 | no logs | David Long |

| Mt. Olive | 08/05/08 | no logs | Briggs/Douglas |
| Presidential | 11/06/07 | LEAN excuse | Willis |
| Slocum Road | 11/07/07 | No records | Long |
| Spruce Meadows | 08/05/08 | No records | Briggs/Douglas |
| Valley Hill | 08/05/08 | No records | Briggs/Douglas |
| West Pines | 08/07/08 | No records | Briggs/Douglas |
| Woodland Acres #1 | 08/06/08 | No records | Briggs/Douglas |
| Woodland Acres #2 | 08/06/08 | No records | Briggs/Douglas |
| Woodland Acres #3,4,5 | 08/06/08 | No records | Briggs/Douglas |

# UNPERMITTED DISCHARGE  ISSUES

## Indicted Charge(s): Count 8 Fleetwood Park November 6, 2007

| Subdivision | Date of Violation | Description | Inspector |
|---|---|---|---|
| Hillside | 08/24/05 | unauthorized discharge from lift station | Posey |
| Hillside | 08/08/08 | unauthorized discharge from lift station | Briggs |
| Hunter Heights | 02/13/06 | unpermitted discharge | Posey |
| Lakeside Liner | 08/06/08 | unauthorized discharge of biological solids from clarifier to receiving stream | Briggs |
| Presidential Estates | 08/16/05 | unauthorized discharge of untreated wastewater by way of pump | Carter |
| Valley Hill | 08/05/08 | overflow of untreated sewage | Briggs |